UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES -- GENERAL**

| | |
|---|---|
| Case No. **SA CV 18-893-JFW(JEMx)** | Date: August 10, 2018 |

Title: D.L. -v- Aetna, Inc., et al.

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):** **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [filed 6/26/18; Docket No. 24]; and**

**ORDER DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS COMPLAINT, OR IN THE ALTERNATIVE, MOTION TO STRIKE [filed 6/28/18; Docket No. 26]**

On June 26, 2018, Plaintiff D.L. ("Plaintiff") filed a Motion to Remand. On July 9, 2018, Defendants Aetna, Inc., Aetna Health and Life Insurance Company, Aetna Insurance Company of Connecticut, and Aetna Health of California, Inc. (collectively, "Aetna") filed an Opposition. On July 16, 2018, Plaintiff filed his Reply.

On June 28, 2018, Aetna filed a Motion to Dismiss Complaint, or in the Alternative, Motion to Strike ("Motion to Dismiss"). On July 9, 2018, Plaintiff filed his Opposition. On July 16, 2018, Aetna filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matters appropriate for submission on the papers without oral argument. The matters were, therefore, removed from the Court's July 30, 2018 hearing calendar, and the parties were given advance notice. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.    Factual and Procedural History**

Aetna is a managed health care company that sells traditional, consumer directed health care and life insurance plans. Through its network of affiliates and subsidiaries, Aetna offers a variety of insurance products, including medical, pharmaceutical, dental, behavioral health, long-term care, and disability plans. As a direct provider of medical insurance and related products, Aetna collects and maintains possession of: (1) personally identifiable information ("PII"), including patients' names, dates of birth, social security numbers, and addresses; and (2) protected health

information ("PHI"), including medical history, prescription information, diagnostic testing results, treatment information, and other sensitive data collected during the course of providing and obtaining payments for medical services.

Plaintiff was insured by Aetna at all times relevant to this action. In 2015, Plaintiff learned that he had contracted HIV from his partner and began taking medications to treat his HIV. Although he responded favorably to the medications, he believed that his family was not prepared to deal with his HIV diagnosis. As a result, Plaintiff decided not to share his HIV status with anyone.

In 2017, Plaintiff was living in Irvine, California in the same house as his landlord. On August 7, 2017, a notice from Aetna containing information about Aetna's settlement of a class action lawsuit with its insureds involving access to HIV prescription medications was delivered to Plaintiff. The notice was mailed in a windowed envelope, which allowed anyone who handled Plaintiff's mail to see Plaintiff's name and discover that he was taking "HIV Medications." Unfortunately, Plaintiff's landlord retrieved the envelope from the mailbox while Plaintiff was at a job interview and, in the process, discovered the information about Plaintiff's HIV status.

On August 8, 2017, Plaintiff received a 30 day "terminating notice" from his landlord. When Plaintiff inquired about the terminating notice, the landlord became angry and stated that Plaintiff should have disclosed his HIV status. Later that day, the landlord threatened to tell Plaintiff's mother that Plaintiff was HIV positive, thereby forcing Plaintiff to disclose his status to his family.

Although Plaintiff was making arrangements to move out by the September 8, 2017 deadline, the landlord demanded that Plaintiff vacate the premises by September 1, 2017. On August 29, 2017, Plaintiff was packing when the landlord entered his room. They argued about the landlord's irrational decision to immediately evict Plaintiff. During the argument, the landlord left to retrieve a handgun. Plaintiff called 911 and moved out the next day. Because he did not have a job and had not secured a new place to live, Plaintiff was forced to move in with his mother in Fresno. On August 30, 2017, Plaintiff received a job offer for a position in Orange County that paid $80,000 per year plus benefits; however, he was unable to accept the offer because he had moved to Fresno. Plaintiff alleges that he has been unemployed since he moved to Fresno and suffers from emotional distress.

As a result of Aetna's conduct, Plaintiff filed this action against Aetna in Orange County Superior Court on May 22, 2018. Plaintiff alleges claims for: (1) violation of California's Confidentiality in Medical Information Act; (2) violation of California's HIV disclosure laws; (3) violation of constitutional right to privacy under Article 1, Section 1 of the California Constitution; (4) negligence; (5) negligence per se; (6) intentional infliction of emotional distress; and (7) unlawful, unfair and fraudulent business acts and practices.

On May 22, 2018, Aetna removed this action to this Court on the grounds that Plaintiff's state law based claims are preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Sections 1001 *et seq.* On June 26, 2018, Plaintiff filed a Motion to Remand arguing that the Court lacks subject matter jurisdiction because complete preemption does not apply.

**II.    Legal Standard**

A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). Generally, a defendant may remove a civil action filed in state court to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). The parties agree that the Court lacks diversity jurisdiction over this action. However, they disagree as to whether the Court has federal subject matter jurisdiction.

"Ordinarily, determining whether a particular case arises under federal law turns on the 'well-pleaded complaint' rule." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). The existence of federal jurisdiction depends solely on a plaintiff's claims for relief and the plaintiff can choose not to plead independent federal claims to avoid removal to federal court. *ARCO Envtl. Remediation, L.L.C.*, 213 F.3d at 1113–14. However, an exception to the "well-pleaded complaint" rule exists where a federal statute "wholly displaces the state-law cause of action through complete pre-emption[.]" *Davila*, 542 U.S. at 207. "Federal preemption occurs when: (1) Congress enacts a statute that explicitly pre-empts state law; (2) state law actually conflicts with federal law; or (3) federal law occupies a legislative field to such an extent that it is reasonable to conclude that Congress left no room for state regulation in that field." *Engine Mfrs. Ass'n v. S. Coast Air Quality Mgmt. Dist.*, 498 F.3d 1031, 1039 (9th Cir. 2007).

### III.    Discussion

Congress enacted ERISA to "protect . . . the interests of participants in employee benefit plans and their beneficiaries, by requiring the disclosure and reporting to participants and beneficiaries of financial and other information with respect thereto, by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts." 29 U.S.C. § 1001(b). ERISA's purpose is to provide a uniform regulatory scheme for employee benefit plans. *Davila*, 542 U.S. at 208. To achieve its purpose, ERISA includes expansive pre-emption provisions that "are intended to ensure that employee benefit plan regulation would be "exclusively a federal concern." *Davila*, 542 U.S. at 208 (quoting *Alessi v. Raybestos—Manhattan, Inc.*, 451 U.S. 504, 523 (1981)). "Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provision of [Section] 502(a) removable to federal court." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987). Thus, the Supreme Court has determined that the civil enforcement provision of ERISA, "completely preempts state law claims that come within its scope and converts these state claims into federal claims under [Section] 502." *Darcangelo v.*

*Verizon Commc'ns., Inc.*, 292 F.3d 181, 187 (4th Cir. 2002). "[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Davila*, 542 U.S. at 209. If a state law claim is preempted, "a federal district court has federal question jurisdiction, either original jurisdiction under [Section] 1331(a) or removal jurisdiction under [Section] 1141(a) to decide whether the plaintiff has stated a cause of action under [Section] 5029a)(1)(B)." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 946 (9th Cir. 2009).

The Supreme Court has held that ERISA preemption is subject to a presumption against federal preemption. *See New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 655–56 (applying presumption to ERISA express preemption); *Rush Prudential HMO, Inc. v. Moran*, 536 U.S. 355, 377–80, 387 (2002) (reviewing ERISA complete preemption precedent and concluding that "in the field of health care, a subject of traditional state regulation, there is no ERISA preemption without clear manifestation of congressional purpose.") (alteration omitted). In addition, the Ninth Circuit has held that it is "certain that the objective of Congress in crafting [ERISA § 514(a)] was not to provide ERISA administrators with blanket immunity from garden variety torts which only peripherally impact daily plan administration." *Dishman v. Unum Life Ins. Co. of America*, 269 F.3d 974, 984 (9th Cir. 2001).

Plaintiff argues that none of his state law based claims are preempted by ERISA and, therefore, this action should be remanded to Orange County Superior Court because the Court lacks subject matter jurisdiction. Aetna disagrees and argues that the doctrine of conflict preemption applies. Accordingly, the sole question for the Court is whether Plaintiff's claims are completely preempted by ERISA. "In order to determine whether an asserted state-law cause of action comes within the scope" of Section 502(a), the Supreme Court in *Davila* "formulated a two-prong test." *Id.* "Under *Davila*, a state-law cause of action is completely preempted if: (1) an individual, at some point in time, could have brought the claim under ERISA [Section] 502(a)(1)(B) and (2) where there is no other independent legal duty that is implicated by a defendant's actions." *Id.* (internal citation and quotation marks omitted). Both prongs of the test must be satisfied for there to be complete preemption under the statute. *Fossen v. Blue Cross & Blue Shield of Montana, Inc.*, 660 F.3d 1102, 1108 (9th Cir. 2011).

### A. Whether Plaintiff Could Have Brought His Claims Under ERISA

Under *Davila*, the Court first determines whether Plaintiff was able to bring his claims under ERISA Section 502(a)(1)(B) at some point in time. *Davila*, 542 U.S. at 210. Section 502(a)(1)(B) permits a plan participant or beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). ERISA applies to any "employee benefit plan" if it is established or maintained "by any employer engaged in commerce or in any industry or activity affecting commerce." 29 U.S.C. § 1003(a)(1).

Aetna argues that the first prong is satisfied because Plaintiff could have brought all of his claims under ERISA. Under Section 502(a)(1)(B), a plan participant may sue a plan administrator "to enforce his rights under the terms of the plan." In addition, under Section 502(a)(3), a plan

participant may sue to enjoin any act that violates any provision of ERISA or any of the terms of the plan or to obtain other appropriate equitable relief to redress such violations or to enforce the terms of the plan. A plan participant may also assert a claim against a plan administrator for breach of fiduciary duty. *See* Section 502(a)(2). Relying on these provisions, Aetna argues that Plaintiff could have asserted a claim against Aetna for its alleged failure to follow the terms of the health plan because the Group Agreement between Aetna and Plaintiff's employer stated that Aetna would "abide by all applicable laws and regulations regarding confidentiality of individually identifiable health and other personal information." Opp'n 7. Aetna also argues that Plaintiff could have asserted a claim against Aetna for the alleged breach of its fiduciary duty under ERISA. The Court finds Aetna's arguments unpersuasive.

First, Plaintiff's claims for: (1) violation of California's Confidentiality in Medical Information Act; (2) violation of California's HIV disclosure laws; (3) violation of constitutional right to privacy under Article 1, Section 1 of the California Constitution; (4) negligence; (5) negligence per se; (6) intentional infliction of emotional distress; and (7) unlawful, unfair and fraudulent business acts and practices are all based on state law, not on the terms of the Group Agreement. Moreover, all of Plaintiff's claims arise out of the settlement notice mailed by Aetna, which was enclosed in a windowed envelope that resulted in the disclosure of Plaintiff's HIV status to third parties who came in contact with Plaintiff's mail. Plaintiff seeks damages, statutory penalties, attorneys' fees, and equitable remedies for harm he allegedly suffered as a result of Aetna's unlawful disclosure. Plaintiff does not claim that he is entitled to relief based on any ERISA plan and, thus, there is no indication that Plaintiff is asserting his claims as an "alternative enforcement mechanism." *See Dishman*, 269 F.3d at 983.

In addition, although Aetna argues that Plaintiff could have brought his claims under ERISA because the unlawful disclosure occurred in the course of its administration of the plan under which Plaintiff sought benefits, this is not dispositive. As the Ninth Circuit has repeatedly emphasized, "[t]he fact that the conduct at issue allegedly occurred in the course of" a defendant's administration "of the plan does not create a relationship sufficient to warrant preemption." *Id.* at 984. Indeed, Congress' purpose in enacting Section 1144(a) "was not to provide ERISA administrators with blanket immunity for garden variety torts which only peripherally impact daily plan administration." *Id.* Accordingly, the Court concludes that Aetna has not demonstrated that Plaintiff's claims could have been brought under Section 502(a).

### B. Whether There Is an Independent Legal Duty Implicated by Defendants' Actions

Even if Aetna had demonstrated that Plaintiff's claims could have been brought under Section 502(a) (which it did not), the Court must also determine whether there is some other "independent legal duty" beyond that imposed by an ERSIA plan" that "is implicated by a defendant's actions." *Davila*, 542 U.S. at 210. State law claims are based on "other independent legal dut[ies]" where the claims "are in no way based on an obligation under an ERISA plan" and, thus, the claims "would exist whether or not an ERISA plan existed." *Marin*, 581 F.3d at 950.

Aetna argues that there is no independent legal duty that supports Plaintiff's claims

because Aetna obtained Plaintiff's PHI and PII "in order to perform its duties as plan administrator, and it sent Plaintiff the notice . . . to notify him about his plan benefits." Opp'n 20. In doing so, Aetna "was required to comply with state and federal laws pursuant to its fiduciary obligations under ERISA and the terms of Plaintiff's health plan." *Id.* The Court disagrees.

Notwithstanding the terms of the ERISA plan, Aetna was independently obligated by several federal and state laws to protect Plaintiff's PHI and PII. Indeed, as Plaintiff alleges in his Complaint, the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"), the California Confidentiality in Medical Information Act, and the California Health and Safety Code each contain specific provisions designed to prevent the unauthorized disclosure of a patient's sensitive medical information. *See* Complaint ¶¶ 18–22. Accordingly, the Court concludes that Plaintiff's claims are not solely and entirely dependent on the ERISA plan. *See Marin*, 581 F.3d at 950 (internal citation omitted) ("since the state-law claims asserted in this case . . . would exist whether or not an ERISA plan existed, they are based on other independent legal duties within the meaning of *Davila*"); *see also In re: Premera Blue Cross Customer Data Sec. Breach Litig.*, 2017 WL 539578, at *21 (D. Oregon Feb. 9, 2017).

## IV.     Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED,** and this action is **REMANDED** to Orange County Superior Court. In light of the remand of this action, Aetna's Motion to Dismiss is **DENIED as MOOT**.

IT IS SO ORDERED.